1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHANNON WHITE,

11              Plaintiff,                    No. CIV S-10-0577 EFB P

12         vs.

13   R. HILL, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16        Shannon White, an inmate confined at California State Prison, Corcoran, filed this pro se

17   civil rights action under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an

18   application to proceed in forma pauperis.  Plaintiff has also filed a statement regarding the

19   exhaustion of administrative remedies, a statement of evidence regarding his complaint, a

20   statement of facts in support of his complaint, additional evidence in support of his complaint,

21   and a statement regarding plaintiff complaint with the Board of Claims.  Dckt. Nos. 3, 7, 8, 10,

22   11.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

23   § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local

24   Rules, Appx. A, at (k)(4).

25   ////

26   ////

I.       **Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 9. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

II.      **Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

////

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

As noted, plaintiff initiated this action with a complaint alleging violations of his constitutional rights. However, plaintiff has filed five additional documents, in which he attempts to either allege additional claims or supplement and/or clarify allegations made in the original complaint. Plaintiff may not proceed in this manner. If plaintiff wishes to supplement or amend his complaint, he must file a single amended complaint that is complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

As it stands, plaintiff's complaint violates Rule 8(a) of the Federal Rules of Civil Procedure. The complaint and additional filings are so prolix and obscure that the court cannot reasonably discharge its responsibility under § 1915A until plaintiff complies with the pleading requirements set forth in Rule 8. This rule requires the pleader to set forth his averments in a simple, concise, and direct manner. The degree of simplicity and conciseness required depends on the subject matter of the litigation, the nature of the claims or defenses presented and the number of parties involved. Wright & Miller, *Federal Practice & Procedure*, vol. 5 § 1281 & n. 12 (1990) (explaining that an antitrust or copyright pleading due to its complexity, must be pleaded with more detail than a simple negligence complaint). Before undertaking to determine whether the complaint may have merit, the court may insist upon compliance with its rules. *See McNeil v. United States*, 508 U.S. 106, 113  (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)

1   (encouraging "firm application" of federal rules in prisoner cases).

2          The Civil Rights Act under which this action was filed provides:

3          Every person who, under color of [state law] . . . subjects, or causes to be
           subjected, any citizen of the United States . . . to the deprivation of any rights,
4          privileges, or immunities secured by the Constitution . . . shall be liable to the
           party injured in an action at law, suit in equity, or other proper proceeding for
5          redress . . . .

6   42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

7   establish the defendant's personal involvement in the constitutional deprivation or a causal

8   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

9   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

10  (9th Cir. 1978).

11         In reviewing plaintiff's complaint, the court is required to guess who is being sued for

12  what.  If the pleading were served in its present form it would not give defendants fair notice of

13  the claims against them and their best guess about the nature of plaintiff's complaint may be

14  quite different than the court's.  *See, McHenry v. Renne*, 84 F.3d 1172, 1170-78 (9th Cir. 1996)

15  (court should be able to read the complaint in minutes, not hours, and may consider the rights of

16  defendants to be free from costly and harassing litigation and other litigants waiting their turns to

17  have other matters resolved); *see also, Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671,

18  674-75 (9th Cir. 1971); *Von Poppenheim v. Portland Boxing & Wrestling Commission*, 442 F.2d

19  1047, 1049-50 (9th Cir. 1971).

20         Plaintiff need not identify the law that makes the alleged conduct wrong.   He may use

21  his own language to state, simply and directly, the wrong that has been committed and clearly

22  explain how each state actor identified as a defendant was involved and what relief plaintiff

23  requests of each defendant.  *Jones v. Community Redevelopment Agency of the City of Los*

24  *Angeles*, 733 F.2d 646 (9th Cir. 1984);  *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978).

25         Accordingly, if plaintiff wishes to continue this litigation he must file an amended

26  complaint. A prisoner pursuing civil rights claims without counsel, like all other litigants, is

1    required to obey the court's orders, including an order to amend his pleading.  *Ferdik v.*

2    *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th

3    Cir. 2002).  His failure to obey the court's orders and the local and federal rules and meet his

4    responsibilities in prosecuting this action may justify dismissal, including dismissal with

5    prejudice.  *Ferdik*, 963 F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's

6    failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan*, 291

7    F.3d at 642 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order

8    requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D.

9    Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with

10   prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d

11   1221, 1232-33 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to

12   prosecute); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without

13   prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of

14   any change of address).

15       Plaintiff's amended complaint must adhere to the following requirements:

16       It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

17   Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

18   complaint, the original pleading is superseded.

19       It must show that the federal court has jurisdiction and that plaintiff's action is brought in

20   the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

21   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

22   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

23   *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

24   he does an act, participates in another's act or omits to perform an act he is legally required to do

25   that causes the alleged deprivation).

26   ////

1   It must contain a caption including the name of the court and the names of all parties.

2   Fed. R. Civ. P. 10(a).

3   Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

4   P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences,

5   the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join

6   multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims

7   against different defendants must be pursued in multiple lawsuits.  "The controlling principle

8   appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as

9   alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple

10  claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

11  unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in

12  different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

13  produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

14  Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

15  without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605,

16  607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless

17  both commonality and same transaction requirements are satisfied).  Plaintiff may not change the

18  nature of this suit by alleging new, unrelated claims in an amended complaint.  *George*, 507 F.3d

19  at 607 (no "buckshot" complaints).

20  The allegations must be short and plain, simple and direct and describe the relief plaintiff

21  seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

22  *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

23  including many defendants with unexplained, tenuous or implausible connection to the alleged

24  constitutional injury or joining a series of unrelated claims against many defendants very likely

25  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

26  plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

Accordingly, it hereby is ordered that:

1. Plaintiff's request to proceed in forma pauperis, Dckt. No. 9, is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend within 30 days. Any amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action being dismissed.

4. The Clerk of the Court is directed to terminate docket numbers three and seven, which were improperly docketed as motions.

Dated: August 12, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7