IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHANNON WHITE,

        Plaintiff,                  No. CIV S-10-0577 EFB P

  vs.

R. HILL, et al.,

        Defendants.        <u>ORDER</u>

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On September 8, 2011, defendants Rutz, Hill, Hehir, Johnson, Vining, Caramanoff and Young filed a motion to dismiss on the ground that plaintiff has failed to exhaust his available administrative remedies. *See* Fed. R. Civ. P. 12(b); 42 U.S.C. § 1997e(a). Despite being granted an extension of time to do so, plaintiff has not filed an opposition or a statement of no opposition to the motion to dismiss. *See* Dckt. No. 36 (order granting plaintiff an extension of time; re-served on October 28, 2011 following plaintiff's filing of a notice of change of address).

      In cases in which one party is incarcerated and proceeding without counsel, motions ordinarily are submitted on the record without oral argument. Local Rule 230(l). "Opposition, if any, to the granting of the motion shall be served and filed with the Clerk by the responding

1

1  party not more than eighteen (18) days, plus three (3) days for mailing or electronic service, after
2  the date of service of the motion." *Id*.  A responding party's failure "to file written opposition or
3  to file a statement of no opposition may be deemed a waiver of any opposition to the granting of
4  the motion and may result in the imposition of sanctions." *Id*.

5  Furthermore, a party's failure to comply with any order or with the Local Rules "may be
6  grounds for imposition of any and all sanctions authorized by statute or Rule or within the
7  inherent power of the Court." Local Rule 110.  The court may recommend that an action be
8  dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local
9  Rules.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse
10 discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an
11 amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d
12 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule
13 regarding notice of change of address affirmed).

14 On May 9, 2011, the court advised plaintiff of the requirements for filing an opposition to
15 the motion, that failure to oppose such a motion may be deemed a waiver of opposition to the
16 motion and that failure to comply with the Local Rules may result in a recommendation of
17 dismissal.

18 Accordingly, it is hereby ORDERED that, within 21 days of the date of this order,
19 plaintiff shall file either an opposition to the motion to dismiss or a statement of no opposition.
20 Failure to comply with this order may result in a recommendation that this action be dismissed
21 without prejudice.

22 DATED:  December 5, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE